**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ANGEL RENEE NORRIS,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:12-CV-336-Y** |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| **DEE ANDERSON, Sheriff,** | § | |
| **Tarrant County, Texas,** | § | |
| **AZLE PD,** | § | |
| **Respondents.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner Angel Renee Norris, CID #0623686, is a state prisoner currently confined in the Tarrant County jail.

Respondents are the State of Texas, Dee Anderson, Sheriff of Tarrant County, Texas, and the Azle PD.

## C. FACTUAL AND PROCEDURAL HISTORY

On October 14, 2010, a jury found petitioner guilty of assault on a public servant in the Criminal District Court No. 1 of Tarrant County, Texas. (Resp't MTD, App. at 4) Petitioner appealed her conviction, but the Second District Court of Appeals of Texas affirmed the trial court's judgment on June 14, 2012. (Resp't MTD, App. at 7-11) *Norris v. State*, No. 02-10-468-CR, 2012 WL 2135594 (Tex. App.–Fort Worth) (not designated for publication). Petitioner filed a petition for discretionary review, which the Texas Court of Criminal Appeals struck on August 22, 2012, for noncompliance with Texas Rules of Appellate Procedure 9.2(b) and 68.4(i). *Norris v. State*, No. PD-0848-12, 2012 WL 3600102 (Tex. Crim. App. Aug. 22, 2012) (not designated for publication). As of July 31, 2012, petitioner had not filed a state habeas application. (Resp't MTD, App. 14-15) Petitioner filed this federal petition for writ of habeas corpus on May 21, 2012. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding pro se habeas petition filed when papers delivered to prison authorities for mailing).

## D. ISSUES

Petitioner claims before the offense occurred she was unlawfully held by the Azle police department against her will for over three days with no charges filed against her and without phone calls or *Miranda* warnings. (Pet. at 7)

## E. RULE 5 STATEMENT

Respondent Anderson has filed a motion to dismiss the petition on exhaustion grounds. (Resp't Anderson's MTD at 3-4) The City of Azle has filed a motion to dismiss Azle PD as a party respondent because petitioner is not in custody of the Azle PD or, in the alternative, to dismiss the

petition on exhaustion grounds or for failure to state a claim for relief. (Resp't Azle PD's Ans & MTD at 1-3)

### F. EXHAUSTION OF STATE COURT REMEDIES

Petitioners seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the petitioner present his or her claims before the state courts in a procedurally proper manner according to the rules of the state courts. *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a postconviction habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2012).

Petitioner's claims have not been considered on the merits by the Texas Court of Criminal Appeals in a properly filed petition for discretionary review or state habeas application. Thus, petitioner has not exhausted her state court remedies in a procedurally correct manner with respect to the claims presented. *O'Sullivan*, 526 U.S. at 842-88; *Bautista v. McCotter*, 793 F.2d 109, 110

3

(5th Cir. 1986); *Richardson*, 762 F.2d at 432; *Carter*, 677 F.2d at 443. Because the state court has not yet had a fair opportunity to consider the merits of petitioner's claims, the claims are unexhausted for purposes of federal habeas review, and any ruling from the federal court at this juncture would be premature. *Martinez v. Johnson*, 255 F.3d 229, 238 (5th Cir. 2001). Absent a showing that state remedies are inadequate, such showing not having been demonstrated by petitioner, she cannot now proceed in federal court in habeas corpus. 28 U.S.C. §2254; *Fuller v. Florida,* 473 F.2d 1383, 1384 (5th Cir. 1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir. 1972).

Accordingly, dismissal of this federal habeas corpus proceeding for lack of exhaustion is warranted so that petitioner can fully exhaust her state court remedies and then return to this court, if she so desires, after exhaustion has been properly and fully accomplished.[1]

## II. RECOMMENDATION

The City of Azle's motion to dismiss the Azle PD as a party respondent should be granted.[2] Respondent Anderson's motion to dismiss on exhaustion grounds should be granted, and petitioner's petition for writ of habeas corpus dismissed without prejudice, except as to any application of the federal statute of limitations or other federal procedural bar that may apply.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file

---

[1]28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court, subject to any applicable tolling. *See* 28 U.S.C. § 2244(d)(1)-(2).

[2]In a habeas proceeding under § 2254, the state officer who is custodian of a prisoner is the proper respondent. RULES GOVERNING SECTION 2254 CASES 2(a).

4

specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September _3 0_, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until September _3 0_, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September _1 0_, 2012.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE